PHILIP BARDON v. NORTHWESTERN TELEPHONE EXCHANGE COMPANY.[1]

December 9, 1904.

Nos. 14,183—(217).

Appeal by defendant from an order of the district court for Ramsey county, Jaggard, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $500. Affirmed.

*C. D. & Thos. D. O'Brien,* for appellant.
*Francis H. Clarke,* for respondent.

PER CURIAM.

Action to recover for injuries claimed to have been suffered by plaintiff while using a telephone receiver at his residence in St. Paul. There was a recovery by plaintiff, followed by a motion for a new trial, which was denied.

The substantive claim upon which the action was brought was that the defendant's system was improperly constructed and maintained; that the wires were carelessly distributed, the poles being maintained at such improper distances that by reason thereof the wires sagged, thereby touching other wires, and the insulation of the same was permitted to become worn and defective; also that an old wire, which had been cast aside, was unnecessarily wrapped around one of the poles, thereby connecting with the wires entering plaintiff's residence, which caused such an unusual and dangerous volume of electricity to be transmitted to plaintiff's receiver that, when he attempted to use the same, he received the shock and sustained the injury complained of.

It was shown at the trial that it was required by ordinance of the city that several police wires be authorized to be attached to defendant's poles, and it was urged with considerable force that the unusual force of electricity which caused the injury was directly attributable to the city's misconduct, for which the defendant company was not responsible.

[1] Reported in 101 N. W. 1132.

Giving full force to this claim, there was, however, evidence tending to show that the defendant had not removed a ground wire that had been thrown aside and had become twisted around one of its poles, and might easily be in connection with the wires running into plaintiff's residence; and upon testimony which the jury may have believed this might have been the efficient cause of the unusual and large flow of electricity, which upon the evidence may have resulted in the injuries to plaintiff. The accident seems very improbable and unusual, but upon the testimony received the jury were authorized to believe that it might have happened in this way, which should have been reasonably anticipated; and it does not appear, either, from our examination of the assignments of error, that there were any improper rulings of the trial judge.

Order affirmed.